## No. 9651.

### RHODES *v*. THE PEOPLE EX REL.

1. TOWNS—*Authority of Clerk.* The clerk of a town has no authority to subscribe the name of the mayor to an ordinance. An ordinance so subscribed is not subscribed at all.

2. ORDINANCE—*Signature by Mayor.* The duty of the Mayor with respect to validating or attesting the ordinances of the town is directory, and ministerial. Under sec. 6672 Rev. Stat. an ordinance adopted by a majority of all the members elected to the council, and presented to the Mayor for his approval, but not returned by him at the next meeting of the council, is, if regularly recorded and published, a valid ordinance, without the Mayor's signature.

*Error to Phillips County Court, Hon. G. B. Weir, Judge. Supersedeas Denied and Judgment Affirmed.*

Messrs. McConley & McConley, for plaintiff in error.

Mr. Avery T. Searle, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

The plaintiff in error was convicted of the violation of an ordinance of the town of Haxtun requiring the licensing of dogs. The only question presented is as to the validity of the ordinance.

It is stipulated that the ordinance was adopted and published as required by the statute. But it was signed by "G. L. Cline (by J. E. Rugg), Mayor of the town of Haxtun, Colorado."

Rugg seems to have been the city clerk at the time. The city clerk was without power to sign the name of the mayor to an ordinance. His act in so doing could in no sense validate or invalidate the ordinance. It was as though the ordinance had not been signed at all.

Section 7391, Mills Ann. Statutes, 1912, requires the signature of the mayor to ordinances, but provides:

"If the mayor shall fail to return to the next subsequent meeting of the council any contract, resolution, or ordinance presented to him for his approval, the same shall become a valid ordinance or act, contract, or resolution, as the case may be, in like manner as if it had been approved by him."

This seems to have been precisely what was done in this case.

The signature of the mayor is not required by law, either at the time of the recording of the ordinance or in its publication. The adoption of the ordinance was by the concurrence of a majority of all the members elected to the council. Sec. 7390, Mills Ann. Statutes, 1912.

It was adopted by the affirmative vote of all the members of the council. The mayor's duties in this respect are directory and ministerial only. The ordinance having been duly adopted, recorded and published, is valid.

The application for a supersedeas is denied and the judgment is affirmed.

Garrigues, C. J., and Denison, J., concur.